IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LICENE FLEURANTVILLE                                                           PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:12-cv-32-CWR-LRA

DANNY P. HICKS, in his individual                                           DEFENDANTS
capacity, AND RICHARD TURNER, in
his individual capacity

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss for Immunity, Docket No. 8, their supporting brief, Docket No. 11, Plaintiff's response, Docket No 15, and Defendants' reply, Docket No. 16. Plaintiff has also filed a Motion to Exclude Evidence, Docket No. 14, to which Defendants, who filed certain evidentiary papers alongside their motion to dismiss, have appropriately responded, Docket No. 16. The Court, having considered the submissions of the parties and the relevant law, finds that Plaintiff's motion is GRANTED and that Defendants' motion is DENIED.

### I. Factual and Procedural History

This suit arises from a confrontation between Plaintiff Licene Fleurantville, and Defendants Danny P. Hicks and Richard Turner, who are police officers with the Jackson, Mississippi Police Department. The incident occurred near Bonsai Japanese Steak House on April 23, 2009. Defendants approached Fleurantville, who was a Bonsai employee, having found him near the restaurant. An altercation followed where Fleurantville sustained physical injuries. He was then taken into custody and charged with public drunkenness, disorderly conduct, and resisting arrest. Fleurantville was acquitted of all charges on February 1, 2011.

On January 18, 2012, Fleurantville initiated this proceeding against Defendants in their individual capacities, alleging that they are liable for (1) violating his right to be free from

unreasonable seizure of the person under the Fourth and Fourteenth Amendments (2) violating his right to be free from arrest without probable cause under the Fourteenth Amendment (3) violating his right against unreasonable search and seizure under the Fourth Amendment, (4) assaulting him in violation of state law, and (5) subjecting him to malicious prosecution, also in violation of state law.

Defendants have moved to dismiss this case, claiming that they are entitled to qualified immunity. That motion is now ripe for review. This Court has jurisdiction over all claims.

## II. Standards of Review

*a. Motion to Dismiss for Failure to State a Claim*

In reviewing a 12(b)(6) motion to dismiss, the Court must "accept[] all well-pleaded facts as true" and "view[] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citations omitted). "However, we are 'not bound to accept as true a legal conclusion couched as factual allegation.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "The plaintiff must plead 'sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Id.*

Defendants have asked that their motion to dismiss be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). They have attached several exhibits to their motion, asking that the Court consider said exhibits if it grants their request.[1] Fleurantville, in response, has filed a motion asking this Court to exclude said evidence. Docket No. 14.[2] The Court has discretion to decide whether to convert Defendants' motion to a motion for summary judgment. *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 F.

---

[1] Among the exhibits are the affidavits of the officers providing their version of what happened leading up to, during and after Fleurantville's arrest. As expected, their version is quite different from the allegations in the Complaint.

[2] Fleurantville also maintains that if the Court does consider Defendants' exhibits and converts the motion to one for summary judgment then it should allow him time to obtain affidavits or take discovery. *See* Fed. R. Civ. P. 56(d).

2

App'x 775, 783 (5th Cir. 2007) ("It is well known that when matters outside the pleading are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence.") (internal quotation marks and citations omitted). Accordingly, Plaintiff's motion is granted. The motion to dismiss will be decided on the pleadings alone.[3]

*b. Qualified Immunity*

To survive the motion to dismiss, Fleurantville must plead facts sufficient to state a plausible claim for relief that survives Defendants' qualified immunity defense. Qualified immunity "protects government officials 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A two-part test is used to determine whether an officer is entitled to qualified immunity. *See, e.g.*, *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 621 (5th Cir. 2006). The Court must determine "(1) whether an official's conduct violated the plaintiff's constitutional rights, and (2) whether the right violated was clearly established at the time of the violation." *Poole v. City of Shreveport*, 691 F.3d 624, 637 (5th Cir. 2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The Court has discretion to decide which prong of the test should be answered first. *Id.* at 637-38.

### III. Analysis

*a. Constitutional Violations*

---

[3] As explained more fully below, because the Complaint so clearly states claims which survive a Rule 12 analysis, were the Court to convert this motion to one for summary judgment, the Court would have little choice but to allow Plaintiff the opportunity to conduct discovery. *Winfrey v. San Jacinto County*, 481 F. App'x 969, 982 (5th Cir. 2012).

The Court first addresses whether, accepting all of Fleurantville's allegations as true, he has pleaded facts that state plausible claims for the constitutional violations of unlawful arrest and excessive force. Fleurantville's complaint alleges the following:

> 6. On April 23, 2009, Plaintiff was on a break while working for Bonsai. He was relaxing outside of the restaurant between the lunch and dinner seatings. However, Defendants, while acting under color of state law, confronted Plaintiff and inquired what he was doing outside of the restaurant. Plaintiff informed Defendants that he worked for Bonsai and was on a break. Unsatisfied with this response, Defendants began cursing and berating Plaintiff, informing him that they did not believe him. Thereafter, without any provocation, excuse or warning, Defendants struck Plaintiff on the head with a nightstick, punched Plaintiff in the head repeatedly and pushed Plaintiff down onto the concrete parking lot, placing their knees on Plaintiff's back while handcuffing him. The handcuffs were placed on Plaintiff in such a manner that they cut Plaintiff's wrists. After lifting Plaintiff up, Defendants took Plaintiff's wallet, containing $189.00, and forcibly shoved Plaintiff into the police car, injuring his shoulder. As a result of Defendants' outrageous acts, Plaintiff suffered significant and severe injuries, including, but not limited to, the following: head lacerations, a concussion, lacerations on his elbows, lacerations on his knees, lacerations on his foot, lacerations on his wrists, and an injured shoulder.
>
> 7. Thereafter, Plaintiff was taken to the police department in Jackson, Mississippi, where he was processed and eventually required to spend one night in prison. The next day, Plaintiff's employer with Bonsai [sic] bailed him out of jail. However, Plaintiff was only given back $9.00 of the $189.00 the officers took from him at the time of the arrest.
>
> 8. Without probable cause, Defendants caused Plaintiff to be charged with public drunkenness, disorderly conduct and resisting arrest. However, on or about February 1, 2011, Plaintiff was acquitted of all charges by the Municipal Court of the City of Jackson, Mississippi.
>
> 9. Defendants' wrongful actions caused Plaintiff pain and suffering as a result of the physical injuries detailed above; caused Plaintiff mental anxiety and stress; caused Plaintiff to incur medical bills; and caused Plaintiff to miss work as a result of his physical injuries. As a result of his head injuries, Plaintiff continues to have headaches, blackouts and dizziness.
>
> * * *
>
> 11. As a result of Defendants' wrongful actions, Plaintiff was forced to go to the emergency room to be treated for significant and sever [sic] injuries, including, but not limited to, the following: head lacerations, concussion, lacerations on his elbows, lacerations on his knees, lacerations on his foot, lacerations on his wrists, and an injured shoulder. Since the incident, Plaintiff has continued to suffer headaches, dizziness and blackouts. Moreover, Plaintiff has also suffered anxiety, stress and emotional damages as a result of Defendants' outrageous and wrongful acts. Finally, Plaintiff was forced to incur medical bills and lost wages as a result of his physical injuries.

Docket No. 1.

<u>i. Unlawful Arrest</u>

"An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge *at the moment of arrest* are sufficient for a

4

reasonable person to conclude that the suspect had committed or was committing an offense." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004) (citation omitted). "A police officer has qualified immunity if he reasonably but mistakenly concludes that probable cause is present." *Massey v. Wharton*, 477 F. App'x 256, 260 (5th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). The officer only needs "probable cause to arrest the defendant for any crime, regardless of whether the defendant can be lawfully arrested for the crime for which the officer states or believes he is making the arrest." *United States v. Bain*, 135 F. App'x 695, 696 (5th Cir. 2005) (citation omitted).

Here, Fleurantville was arrested and charged with public drunkenness,[4] disorderly conduct,[5] and resisting arrest.[6] The allegations indicate that Fleurantville did not show outward signs of suspicious behavior when the officers arrived. Instead, he appeared "relax[ed]," and when Defendants asked him to explain his presence in the area, Fleurantville responded appropriately. Docket No. 1, ¶ 6. Therefore, the allegations support the conclusion that Fleurantville was lawfully present in the area, and make it unreasonable for Defendants to conclude that Fleurantville was in the process of committing a criminal offense or had already done so. There is no indication that Fleurantville was drinking, refusing to comply with the officers' demands, or otherwise threatening or using force to resist arrest. Taking Fleurantville's allegations as true, probable cause did not exist for any crime. He has stated a plausible claim for unlawful arrest.

### ii. Excessive Force

---

[4] Miss. Code Ann. § 97-29-47 (West 2012) (making it a crime to "be drunk in any public place, in the presence of two (2) or more persons").
[5] Miss. Code Ann. § 97-35-7 (West 2012) (making it a crime to "fail[ ] or refuse[ ] to promptly comply with or obey a request, command, or order of a law enforcement officer").
[6] Miss. Code Ann. § 97-9-73 (West 2012) ("It shall be unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest or the lawful arrest of another person by any state, local or federal law enforcement officer . . . .").

Fleurantville's "excessive force claim is separate and distinct from [his] unlawful arrest claim, and we must therefore analyze the excessive force claim without regard to whether the arrest itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2004) (citations omitted). For excessive force, Fleurantville must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012).

To support a claim for excessive force, "plaintiff's asserted injury must be more than *de minimis*." *Freeman*, 483 F.3d at 416 (citations omitted). Here, Plaintiff has alleged that he experienced substantial injuries as a result of the force used during his arrest, including: a concussion, an injured shoulder, and lacerations to his head, elbows, wrists, knees, and foot. Considering the nature of these injuries, and the allegations that these injuries caused Fleurantville to seek and receive medical treatment, Fleurantville has properly alleged injuries that are sufficient to support a claim for excessive use of force. *See e.g.*, *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999) (holding that plaintiff's injuries were "more than de minimus" where he sought and received medical treatment).

In addition, "[t]he determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Freeman*, 483 F.3d at 416 (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir.1996)). A totality of the circumstances test is used to determine the amount of force that is constitutionally permitted, paying "careful attention to . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

According to the allegations, Defendants were faced with a cooperative suspect who made no attempt to flee or to otherwise resist arrest. Defendants escalated the situation by beating Fleurantville in the head repeatedly with a nightstick and their fists, using so much force that he continues to suffer the effects of those injuries. They then continued, pushing Fleurantville onto the ground so that he could be handcuffed while an officer's knees were placed onto his back, and causing injury to his shoulder when he was taken into custody. Under these facts, the Court finds that the amount of force used by the Defendants was both clearly excessive and clearly unreasonable.

*b. Clearly Established Law*

Both of these violations were clearly established. No reasonable officer could have believed that it was lawful to arrest Fleurantville for public drunkenness, disorderly conduct, or resisting arrest, when there was no indication that he had been drinking and he was otherwise attempting to comply with the officers' commands. Likewise, no reasonable officer would have believed that that the amount of force used against Fleurantville was lawful under the *Graham* factors. *See Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (applying the *Graham* factors and holding that the law was clearly established before the events in that case). Accordingly, Defendants had "reasonable warning that the conduct [] at issue violated constitutional rights." *Id.*

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Exclude Evidence is GRANTED and Defendants' Motion to Dismiss for Immunity is DENIED.

**SO ORDERED**, this the 14th day of December, 2012.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE